**SO ORDERED.**

**SIGNED this 5th day of July, 2022.**



Dale L. Somers
United States Chief Bankruptcy Judge

Designated for online publication
**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS**

In re:

Ronald A. Goodwin
Michelle L. Goodwin,

Case No. 17-12205-11

Debtors.

**Memorandum Opinion and Order Granting Motion to File Amended
Proof of Claim and Overruling Objection to that Claim**

Creditor Air Capitol Recycling, LLC (hereinafter ACR) has bifurcated its claim into secured and unsecured portions based on the sale price achieved at auction for the real property securing the claim. Koon Law Firm, LLC (hereinafter KLF) objects to that bifurcation. The Court concludes the amendment to the proof of claim reflecting this bifurcation was timely and that the sale price achieved at auction is the appropriate indication for the

value of the secured portion of ACR's claim. As a result, the Court grants ACR's motion to amend its proof of claim and overrules KLF's objection to ACR's claim.[1]

## I.  Procedural Background

Debtors filed their Chapter 11 bankruptcy petition on November 8, 2017, almost five years ago. On February 8, 2018, ACR timely filed its proof of claim.[2] That Proof of Claim was for $318,369.86, for "money loaned on real estate," and stated it was perfected by a mortgage and was fully secured, with the value of the property stated as $318,369.86.

In support of the ACR Proof of Claim is a prepetition Purchase Agreement and a mortgage dated September 16, 2016 on three parcels of property, with the common address of 1400 East 25th Street, in Wichita, Kansas. The Purchase Agreement indicates ACR provided a $300,000 "advance" to Debtors, Debtors agreed to sell certain concrete and asphalt to ACR, and ACR agreed to do certain crushing work of those materials and a concrete elevator on the property. Hereinafter, for ease, the Court will refer to this material simply as concrete. There were myriad conditions on all aspects of this arrangement built into the Purchase Agreement, included

---

[1] Doc. 576 (objection to claim), Doc. 578 (motion to file amended proof of clam). ACR appears by Ron D. Beal. KLF appears by Morgan B. Koon.
[2] Proof of Claim No. 8.

relating to the presence of asbestos in the relevant materials. Debtor has not ever challenged the basis of ACR's claim and has not objected to the Proof of Claim. There is no dispute the real property has concrete on it – but the parties dispute what, if anything, the value of the concrete actually is, and what it would cost to realize that value.

A short time thereafter, on March 30, 2018, KLF timely filed its Proof of Claim.[3] The KLF Proof of Claim was for $95,000, fully unsecured, stemming from "[a]ttorney services in preparation of bankruptcy filing."[4]

About a year post-petition, Debtors' Chapter 11 repayment plan was confirmed.[5] In that plan, ACR's claim was treated as follows:

> Class 4: Consists of the allowed secured claim of Air Capitol Recycling, LLC ("Air Capitol"). Air Capitol holds a first mortgage in Tract 4 identified on Exhibit 2 attached hereto. The amount of Air Capitol's secured claim, as alleged in its Proof of Claim, is $318,369.86.
>
> Air Capitol shall retain its lien in Tract 4 until full payment of its allowed secured claim.
>
> Upon entry of an Order of Confirmation of this Plan, the real property of the Debtors in which Air Capitol holds a first mortgage will vest in the Reorganized Debtors in accordance 26 U.S.C. § 1398(f)(2), and the liens against Tract 4 expressly identified on attached Exhibit 2 will be retained until the property is sold by the Reorganized Debtors pursuant to 11 U.S.C. § 363(f).[6]

---

[3] Proof of Claim No. 16.
[4] *Id.* p. 2.
[5] Doc. 285.
[6] *Id.* p. 4.

3

As noted, Debtors proposed to sell the real property serving as security for ACR's mortgage.[7] Under the confirmed plan, unsecured claims were to be paid based on priority and then pro rata from remaining funds.[8]

At various times throughout Debtors' case, Debtors attempted to sell the real property at issue. First, on May 11, 2020, Debtors filed a motion to sell the real property to Martin's Central Sand Company for $1,000,000.[9] Although the motion to sell the property was granted at hearing thereon,[10] no order was ever entered and the sale never closed.[11] Then on September 25, 2020, Debtors again filed a motion to sell the real property, this time to GIBTTA, LLC for $747,000.[12] This time a written Order was entered granting the motion to sell,[13] but again, the sale never closed.

About a year later, on September 28, 2021, Debtors filed a motion to employ an auction company to auction the real property (and other property, not directly at issue in these matters).[14] The auction company was employed,[15] and an auction of the real property was completed on April 21, 2022, with a successful bid of $150,000 made by Air Capital Investments,

---

[7] *Id.* p. 21.
[8] *Id.* p. 6.
[9] Doc. 408.
[10] Doc. 417.
[11] *See* Doc. 431 (withdrawal of motion).
[12] Doc. 443.
[13] Doc. 449.
[14] Doc. 467.
[15] Doc. 475.

4

LLC. A motion to sell the real property was then filed,[16] and an order was entered granting that motion.[17] The sale of the real property closed on June 6, 2022.[18]

On May 2, 2022, ACR filed an amended Proof of Claim. The amended Proof of Claim changed the value of the property securing the claim to $150,000, the value of the bid made at auction, and therefore changed the claim to secured for $150,000 and unsecured for the remainder of $166,890.41.

KLF responded with an objection to ACR's amended Proof of Claim,[19] arguing: (1) ACR's amendment to its Proof of Claim was not timely and (2) if ACR was permitted to amend its Proof of Claim, it would receive a windfall, because the property was actually worth more than $150,000 when taking into account the value of the land and the value of the concrete on the land. KLF also argued ACR's amendment should be treated as a request to extend the deadline for filing claims based on excusable neglect. KLF has never argued that the $150,000 bid price did not, in fact, include the real property

---

[16] Doc. 564, as amended by Doc. 572.
[17] Doc. 597.
[18] Doc. 572 p. 2.
[19] Doc. 576.

5

and the concrete thereon. ACR then filed its motion to file its amended proof of claim.[20]

At hearing on these matters, the Court overruled the objection that the amendment to the Proof of Claim was not timely,[21] and the Court has now taken the motion to file the amended claim and the objection to the amended claim under advisement.

## II. Analysis

Matters concerning the "allowance or disallowance of claims against the estate" and "determinations of the validity, extent, or priority of liens" are core proceedings under 28 U.S.C. § 157(b)(2)(B) and (K), over which this Court may exercise subject matter jurisdiction.[22]

## A. ACR's Amendment of its Proof of Claim is Timely

As noted above, an initial issue is ACR's ability to make a post-bar date claim amendment, and the timeliness of that amendment. A bankruptcy court has discretion to permit amendment to a claim that was initially timely

---

[20] Doc. 578.
[21] *See* Doc. 594.
[22] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Amended Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy Judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013. D. Kan. Standing Order 13-1 *printed in* D. Kan. Rules of Practice and Procedure (March 2018).

filed.[23] The Court previously overruled the objection based on timeliness and sets forth its analysis herein.

First, the Court rejects the argument that ACR's amendment should be treated as a request to expand the time for filing proofs of claim based on excusable neglect. As indicated, ACR timely filed its original proof of claim. The amendment to the proof of claim changes an attribute of the claimed amount; it is not a request to file a new claim beyond the original bar date. Further, the Tenth Circuit has long applied a permissive standard for amendments to timely-filed claims.[24] "Ordinarily, amendment of a proof of claim is freely permitted so long as the claim initially provided adequate notice of the existence, nature, and amount of the claim as well as the

---

[23] *Unioil v. H.E. Elledge (In re Unioil, Inc.)*, 962 F.2d 988, 992 (10th Cir. 1992) ("we assess the decision to allow amendment under the particular circumstances solely for an abuse of discretion").

[24] *See, e.g., id.* ("Late-filed amendments to proofs of claim should be treated with liberality."); *LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1473 (10th Cir. 1983) ("Leave to amend in a straight bankruptcy proceeding is "freely allowed where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim." (internal quotation omitted)); *Fidelity & Deposit Co. of Md. v. Fitzgerald*, 272 F.2d 121, 130 (10th Cir. 1959) (stating "Bankruptcy Court is a court of equity and endeavors to do equity" and quoting liberality standard from prior case law); *Cont'l Motors Corp. v. Morris*, 169 F.2d 315, 317 (10th Cir. 1948) ("the trend of modern decisions is uniformly toward the greatest liberality in the allowance of the filing of amended proofs of claim, where there is anything in the record to justify such course of action" (internal quotation omitted)); *Garvin v. Hickam*, 91 F.2d 323, 325 (10th Cir. 1937) ("It is an inveterate rule of wide acceptation that an inartificially drawn or defective claim filed within time may be amended after the expiration of such period. Courts of bankruptcy are liberal in permitting amendments to formal claims even though the statutory period has expired.").

creditor's intent to hold the estate liable."[25] As long as the grounds for recovery are set out in the original claim, the amount of recovery is amendable.[26] "The only limitation is that the amended claim should not set up a distinctly new and different claim."[27] In addition, to object to an amendment, the objecting party would need to show "actual prejudice."[28]

The Tenth Circuit has assessed amendments to timely-filed proofs of claim in a range of circumstances. When assessing an amendment by the Internal Revenue Service of an estimated claim, the Tenth Circuit approved the use of a list of equitable factors for bankruptcy courts to determine whether to allow the IRS claim to be amended. Those factors, ultimately used to allow amendment, were: (1) "[w]hether the parties or creditors relied on the . . . initial claim, or whether they had reason to know subsequent proofs of claim would follow," (2) "[w]hether other creditors would receive a windfall to which they are not entitled on the merits by the Court not allowing" the amendment, (3) whether the party amending "intentionally or negligently delayed in filing its amended claim," (4) "[t]he justification, if any, for the

---

[25] *In re Unioil, Inc.*, 962 F.2d at 992.
[26] *Cont'l Motors Corp.*, 169 F.2d at 317.
[27] *Fidelity & Deposit Co. of Md.*, 272 F.2d at 130; *see also In re Unioil, Inc.*, 962 F.2d at 992 ("The court should not allow truly new claims to proceed under the guise of amendment.").
[28] *United States v. Berger (In re Tanaka Bros. Farms, Inc.)*, 36 F.3d 996, 998 (10th Cir. 1994) ("party opposing the amended proof of claim" must "demonstrate actual prejudice").

failure to request the timely extension of the bar date," and (5) "[a]ny other general equitable considerations."[29] The Tenth Circuit has also permitted amendment of claims in the following circumstances: when the amendment substituted the proper party for the claimant,[30] when the amendment increased the amount of the claim by nearly half, because the increased damage amount arose from the same breach of executory contract,[31] and when the amendment specified the type of liability when surety bonds were involved.[32]

Review of this case law compels the conclusion that ACR's amendment of its proof of claim was timely. When ACR filed its original Proof of Claim, it provided timely and adequate notice of the existence and nature of its claim stemming from the Purchase Agreement. The original claim stems from that Purchase Agreement, and the amended claim does as well. The basis for the

---

[29] *Id.* at 998-99.
[30] *In re Unioil, Inc.*, 962 F.2d at 992; *see also Fidelity & Deposit Co. of Md.*, 272 F.2d at 130.
[31] *Cont'l Motors Corp.*, 169 F.2d at 317.
[32] *Fidelity & Deposit Ins. Co. of Md.*, 272 F.2d at 130-31 ("Fidelity Company should amend its liquidated claims, embraced in its original claim, for amounts paid in discharge of its surety obligation under its performance bonds to creditors who had not filed claims, by setting forth the dates and amounts of the performance bonds involved, the names of the persons to whom such bonds run, the names of the creditors to whom it made payments in discharge of its surety obligation, the amount of each payment and the fact that none of such creditors had filed a claim. It should also substitute in such liquidated claims for its name the names of the creditors to whom such payments were made.").

9

claim—the debt—has not changed.[33] All parties were witness to Debtors' attempts to sell the real property supporting the mortgage for that real property, and the failures of those attempts. All parties had notice of the planned auction, and the results of that auction yielding a bid price for the real property of $150,000. As soon as ACR received the bid price, it amended the secured amount of its claim. There was no delay. ACR appears to have acted in good faith in amending its claim as soon as possible after the auction was completed.[34] There is no prejudice to KLF from the amendment. Not only did the total amount of the ACR claim not change, but even if the total amount of the claim caused a decreased dividend from Debtors to KLF, a decreased dividend is not "actual prejudice."[35] The amendment to the proof of claim from ACR was timely.

---

[33] *See, e.g.*, *In re Spurling*, 391 B.R. 783, 786-87 (Bankr. E.D. Tenn. 2008) (discussing case law concluding that amendment of a claim to change the secured status of the claim is a change to the "rank" of a claim, not a new claim).
[34] *Cf. Slobodian v. Capital for Merchants, LLC (In re ABS Ventures, Inc.)*, 523 B.R. 443, 451 (Bankr. M.D. Penn. 2014) (denying amendment of claim to establish unsecured deficiency after sale of collateral when creditor waited ten months and missed two deadlines to do so); *United States v. Oscher (In re J.H. Inv. Servs., Inc.)*, No. 8:10-cv-1394-T-JSM, 2010 WL 3943952, at *3-4 (M.D. Fla. Oct. 7, 2010) (rejecting argument that § 506(a) bifurcates claims automatically and requiring the IRS to timely bifurcate its claim to place parties on notice of intent to participate as an unsecured creditor).
[35] *See, e.g.*, *Gens v. Resolution Tr. Corp.*, 112 F.3d 569, 575 (1st Cir. 1997) (unsecured creditors receiving less because of an amendment to a proof of claim is insufficient to show prejudice); *In re Stoecker*, 5 F.3d 1022, 1028 (7th Cir. 1993) (diminishment to the pool of assets from amendment of claim is not prejudice).

**B.  The Additional Challenges to the Amended Proof of Clam Lack Merit**

Under 11 U.S.C. § 506(a)(1), the Code contemplates bifurcation of claims into secured and unsecured potions. Section 506(a)(1) states than an 'allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property" and then "is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim." Here the value of the property was established by the auction of that property. "There is no question that under section 506(a)(1), a creditor has a secured claim only up to the value of the collateral securing the claim; the rest is unsecured."[36]

Clearly, the parties' estimates of the value were off at various times throughout this case, and disputed facts concerning the value of concrete on the real property are abundant. But the auction established the value of the creditor's interest in the estate's interest in the property.[37] The bifurcation is set by the auction that was held. KLF did not object to the auction. There is

---

[36] *In re Garrett*, 494 B.R. 336, 343 (Bankr. N.D. Ill. 2013). There was no election to treat the ACR claim under § 1111(b), which would have permitted the ACR claim to be treated under § 1129(b)(2)(A)(I)(II) up to the portion of the claim supported by the collateral value. *Id.*

[37] *E.g.*, *United Air Lines, Inc. v. Reg'l Airports Imp. Corp.*, 564 F.3d 873, 875 (7th Cir. 2009) ("An asset's value depends on the price that could be agreed by willing buyers and sellers negotiating for a replacement.").

11

no argument that it was not a commercially reasonable sale, that it was not held at arms' length, or that the sale should be set aside for some reason. The order entered by this Court granting the motion to finalize the sale ay auction has not been challenged.

As a result of the above, arguments from KLF that ACR is receiving a windfall are not well taken. ACR is bifurcating its claim as it should. It is not entitled to a secured claim that exceeds the value of the collateral. In addition, KLF's arguments concerning windfall are themselves unfounded. ACR did not make a credit bid of the property, a different entity (Air Capital Investments, LLC) purchased the property. There may or may not be value in the concrete on the property; that is irrelevant. What is conclusive is the auction set the real-world value for what buyers were willing to pay for the property including the concrete.[38] The order approving the sale is final. As the Seventh Circuit has stated: "Real transactions are a vital anchor in litigation. There is no 'just price' for any asset, and a court is entitled to reject an effort to show that willing buyers and sellers are 'wrong' in valuing a particular asset."[39]

---

[38] *Id.* at 876 (proper for the bankruptcy court to prefer "the evidence of actual transaction prices over an argument based on beliefs about what prices *could have* been").
[39] *Id.*

12

KLF also argues ACR failed in its duties under the Purchase Agreement, and therefore should not be entitled to payment of the now-unsecured portion of its claim. Debtors have not challenged the ACR claim—as noted above, it was timely filed in February 2018, almost four and one-half years ago. KLF is not a party to the Purchase Agreement, and itself has no cause of action based on the Purchase Agreement. Regardless, the claim as filed constitutes "prima facie evidence of the validity and amount of the claim."[40] An objecting party must then carry the burden of producing evidence supporting its objection, equal to that of the allegations contained in the proof of claim.[41] KLF has not met this burden. KLF's argument is that the Purchase Agreement states ACR agreed "to purchase, sell, and crush all of the concrete and asphalt" on the real property.[42] But the Purchase Agreement also expressly contemplated ACR "may not be able to crush and sell" the materials, and provided alternatives based on varying scenarios.[43]

Finally, KLF argues ACR is in effect seeking amendment to Debtors' confirmed plan under 11 U.S.C. § 1127(b).[44] Even if ACR was attempting to

---

[40] Federal Rule of Bankruptcy Procedure 3001(f).
[41] *Wilson v. Broadband Wireless Int'l Corp. (In re Broadband Wireless Int'l Corp.)*, 295 B.R. 140, 145 (10th Cir. BAP. 2003).
[42] Proof of Claim No. 8, Purchase Agreement p. 1.
[43] *Id.* p. 2.
[44] Section 1127(b) permits confirmed plans to be modified by the plan proponent "at any time after confirmation of such plan and before substantial consummation of such plan" as long as the plan continues to meet the Code's requirements on the content of plans and the classification of claims.

modify Debtors' confirmed plan, and the Court does not believe an amendment of its claim is such a modification, there is no change to Debtors' plan. Debtors' plan contemplates payment of the secured claim of ACR. The auction established the amount of the secured claim. The confirmed plan then contemplates payment of unsecured claims pro rata. The amendment of the claim is not a modification of the plan.

To sum, the Court rejects KLF's additional challenges to the ACR amended proof of claim.

### III. Conclusion

The Court grants ACR's motion to amend its proof of claim and overrules KLF's objection to ACR's claim.[45]

Funds currently being held in trust in Debtors' counsel's trust account pursuant to a prior Order of this Court[46] should be disbursed in accordance with this Opinion.

**It is so Ordered.**

### ###

---

[45] Doc. 576 (objection to claim), Doc. 578 (motion to file amended proof of clam).
[46] Doc. 599 p. 3 (requiring the remainder of funds after certain distributions to be held in the trust account of Debtors' then-counsel).

14